UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| KIMBERLY RACKEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 04-365-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Kimberly Rackey ("Rackey") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Rackey seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to Supplemental Security Income Benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Rackey.

**I.    LEGAL STANDARD**

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that

she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What were previously 20 C.F.R. §§ 416.920(e) and (f) are now 20 C.F.R. §§ 416.920(f) and (g), respectively.

correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.    HISTORY AND PROCEEDINGS BEFORE THE ALJ

Rackey was twenty-five years old at the time of the hearing before the ALJ. She has a tenth grade education and has past relevant work as cashier. Rackey claims that she became disabled on March 1, 2000, as a result of poor vision and bad nerves. Rackey filed her application for SSI benefits on December 21, 2001. Her claim was denied initially and on reconsideration. Thereafter, Rackey sought a hearing before an ALJ.

On January 7, 2003, an administrative hearing was held in Prestonsburg, Kentucky, before ALJ William H. Gitlow. During this hearing, the ALJ heard testimony from Rackey and Dean W. Owen, Jr., Ph.D., a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Rackey. The ALJ concluded that Rackey retained the residual functional capacity to perform a limited range of heavy work. [Transcript ("Tr."), p. 23] Based on testimony from the VE, the ALJ further concluded that Rackey was capable of performing a significant number of jobs in the national economy. [Tr., p. 23]

### III.    DISCUSSION

Rackey's sole argument is that the ALJ erred by failing to re-contact Dr. Kamar Ikrammudin to obtain clarification of his response in May 2002 to a form question that she has deficiencies of concentration and persistence with failure to complete tasks and has deterioration or decompensation in work and work-like situations. (Ex. 7F, p. 2; Tr., p.183)  According to the ALJ, these findings were inconsistent with medical records dated January 2002 and with other findings of Dr. Ikrammudin.  With respect to the issue raised by Rackey, Title 20 of the Code of Federal Regulations, § 416.912(e), provides, in relevant part:

> Recontacting medical sources.  When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.  To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.  In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

In finding that Rackey had no exertional impairments with limitations or restrictions, the ALJ made the following evaluation of Dr. Ikramuddin's ("Ikram") findings:

> In so finding, the undersigned is not unmindful of the assessment by Dr. Ikramuddin (Ikram) that the claimant has deficiencies of concentration and persistence with failure to complete tasks; and has deterioration or decompensation in work or work-like situations (7F).  I must reject this

> assessment for a number of reasons. First, such significant problems are inconsistent with that doctor's prior records, as set forth in Exhibit 2F. Dr. Ikram had been asked the same questions earlier (in January 2002) and had found no such problems with concentration/persistence; or with markedly different results only a few months later, unless one can speculate that it was the result of "patient going through a divorce" (7F). Even if this were the case, there are no underlying specifics to support such conclusion, and there is no reason to believe that such situational stressors would remain. Furthermore, such conclusion (of problems) noted in Exhibit 7 are illogical as well. The doctor said the claimant was suffering from problems with concentration/persistence and deterioration/decompensation (7F at page 3) but elsewhere indicates that response to medication/treatment is "good" (7F at page 1) and notes that the claimant's ability to reason or make occupational, personal or social adjustments is "good" (7F at page 1). For these reasons, I must reject Dr. Ikram's conclusions of any more serious deficiencies than that accorded by the State Agency assessments in Exhibits 5F and 8F.

[Tr., p. 21]

The recontacting provision cited by Rackey is only triggered when the medical information in the record is inadequate for the Commissioner to determine whether the claimant is disabled. That is not the situation presented here. In the present case, the ALJ reviewed all evidence presented and rejected the latter conclusion of Dr. Idramuddin as being inconsistent with the remaining medical evidence. His opinion was not "inadequate" for proper evaluation – it was simply rejected by the ALJ.

In addition, it was within the ALJ's discretion to discount Dr.Idramuddin's findings. While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider

opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner."). Further, the "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002).

In a recent case dealing with the treating physician rule, the court noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). Here, the ALJ relied upon the opinions of state agency consultants (Exhibits 5F and 8F), which he found were supported by the medical evidence. In doing so, he concluded that Rackey is not disabled. This decision comports with relevant Sixth Circuit authority.

## IV. CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, this Court concludes that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Rackey's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 1st day of August, 2005.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**